■ ROBERT M. HELLER, Respondent, v. PHILIP PIERCE, Appellant. (And a Third-Party Action.)— Appeal by defendant from an order of the Supreme Court, Kings County, dated October 31, 1974, which *inter alia* granted plaintiff summary judgment in the sum of $5,494.04. At a conference in this court held on February 13, 1975 the respective attorneys for plaintiff and defendant entered into a written stipulation settling the action. In accordance with the stipulation, the order appealed from is reversed, but, if defendant defaults in any payment set forth in the stipulation, and if the default continue after 10 days' notice by plaintiff to defendant, the order may be re-entered for the balance due, with interest thereon. Gulotta, P. J., Rabin, Hopkins, Martuscello and Benjamin, JJ., concur.

■ KIRSTEN LIEBHABER et al., Respondents, v. PAUL L. HARRY, Appellant, et al., Respondents.— The respective attorneys for the plaintiffs and defendant Harry on this appeal from an order of the Supreme Court, Suffolk County, dated November 7, 1974, having entered into a written stipulation at a conference in this court on February 5, 1975, in which they agreed that the appeal as between said parties is withdrawn on the merits, in consideration of plaintiffs' paying $300 to appellant's attorney as a counsel fee, the appeal as between said parties is deemed withdrawn on the merits, without costs. Gulotta, P. J., Rabin, Hopkins, Martuscello and Benjamin, JJ., concur.

■ ROBERT E. NOVA, Appellant, v. SHEILA E. NOVA, Respondent. In the Matter of SYLVIA NOVA, Respondent, v. ROBERT NOVA, Appellant.— In the first above-entitled matter, a divorce action, the appeal is from an order of the Supreme Court, Kings County, dated May 20, 1974, which denied the plaintiff husband's motion *inter alia* for a joint trial of said action with the second above-entitled matter, a support proceeding. In said proceeding, the appeal is from an order of the Family Court, Queens County, dated September 3, 1974, which awarded petitioner (the former wife of said plaintiff husband) a total of $1,000 for attorneys' fees. At a conference in this court on December 5, 1974 the respective attorneys for appellant and said petitioner entered into a written stipulation that *inter alia* (1) the provision in the separation agreement between said parties as to alimony and support of their child, and also a Mexican divorce decree which incorporated said provision, shall be modified so as to provide that appellant pay petitioner $50 per week alimony and $50 per week for the child's support; (2) either of said parties may apply to the Family Court or the Supreme Court for such modification as future circumstances may warrant; and (3) the appeal from the order of September 3, 1974 is withdrawn. In view of said settlement of the alimony and support questions it appears that the support proceeding has been concluded, rendering the appeal from the order of May 20, 1974 academic. Under the circumstances, the appeal from the order of September 3, 1974 is deemed withdrawn and the appeal from the order of May 20, 1974 is dismissed, without costs. Gulotta, P. J., Rabin, Hopkins, Martuscello and Benjamin, JJ., concur.